UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BRITTNEY JOHNSON, <br><br>  Plaintiff, <br><br> v. <br><br> CAPITAL ONE BANK (USA), N.A., <br><br>  Defendant. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> 1. **TCPA, 47 U.S.C. §§ 227** <br><br> 2. **Invasion of Privacy - Intrusion Upon Seclusion** |

### COMPLAINT FOR DAMAGES

Plaintiff, Brittney Johnson ("Plaintiff"), through her attorneys, alleges the following against Capital One Bank (USA), N.A. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227, *et seq*. and 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the County of Jackson, State of Tennessee.

7. Defendant is a creditor engaged in the business of giving consumer loans with its principal place of business located in McLean, Virginia.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant is attempting to collect a debt from Plaintiff.

10. In or around June of 2018, Defendant began placing calls to Plaintiff on her cellular phone number ending in 2085, in an attempt to collect an alleged debt.

11. The calls placed by Defendant originated from (800) 365-2024.

12. On or about June 8, 2018, at 10:50 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (800) 365-2024.

13. Defendant informed Plaintiff that it was attempting to collect a debt relating to a Capital One account.

14. Plaintiff unequivocally revoked consent to be called any further by Defendant. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

15. On or about July 14, 2018, at 11:02 a.m., Plaintiff answered another call from Defendant originating from (800) 365-2024; Plaintiff, for the second time, unequivocally revoked consent to be called any further. Despite Plaintiff's second request to not be contacted, Defendant continued to call Plaintiff.

16. On or about July 27, 2018, Plaintiff, through counsel, sent a demand letter to Capital One for its violations of the TCPA. Defendant received the demand letter. Despite receipt of the demand letter, Defendant continued to contact Plaintiff.

17. Defendant's incessant calls continued nearly every day until no earlier than August 12, 2018.

18. Between June 8, 2018 and August 12, 2018, Defendant called Plaintiff no less than ninety (90) times.

19. Defendant called Plaintiff between one (1) and three (3) times a day.

20. Many times, when Plaintiff answered the calls from Defendant, there was a pre-recorded message or no person on the phone.

21. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." 2003 TCPA Order, 18 FCC Record at 14091, para. 131.

22. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

23. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

24. Defendant consistently called Plaintiff around the same time every day, indicating the use of a predictive dialer.

25. For example, Defendant called Plaintiff at 2:52 p.m. (June 9, 2018), 2:31 p.m. (June 12, 2018), 2:53 p.m. (June 14, 2018), 2:43 p.m. (June 25, 2018) and 2:48 p.m. (June 27, 2018).

26. Plaintiff works as a direct support professional with Star Center, a non-profit in Jackson, Tennessee. Plaintiff lives with and cares for two adult women with special needs. When caring for the individuals, Plaintiff's undivided attention is vital.

27. Plaintiff carries her cell phone on her at all times and needs to be available throughout the day; the calls placed by Defendant were a constant disruption to her home and work life.

28. Defendant's calls not only induced stress for Plaintiff, but also anxiety due to Defendant's daily and incessant calls to her cellular phone.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

31. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

a) Within four years prior to the filing of this action, and on multiple occasions, Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii), which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

b) Within four years prior to the filing of this action, and on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

32. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one-thousand-five-hundred dollars ($1,500.00), for each and every violation of the TCPA, pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

## COUNT II
**Defendant's Invasion of Privacy**
**(Intrusion upon Seclusion)**

33. Plaintiff incorporates herein by reference all of the above paragraphs as though fully set forth herein.

34. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease;

   b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule; and

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay an alleged debt.

35. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Brittney Johnson, respectfully requests judgment be entered against Defendant for the following:

   A. Declaratory judgment that Defendant violated the TCPA;

   B. Statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C);

   C. Actual and punitive damages resulting from the invasion of privacy;

   D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

   E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

        Respectfully submitted,

        */s/ Micah S. Adkins*
        Micah S. Adkins
        W.D. TN Bar No. 8639I48AL
        **THE ADKINS FIRM, P.C.**
        7100 Executive Center Drive, Suite 110
        Brentwood, Tennessee 37027
        T:  (615) 370.6759
        F:  (615) 370.4099
        E:  MicahAdkins@ItsYourCreditReport.com
        *Counsel for Plaintiff Brittney Johnson*